IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Cederick Wise, | ) | Case No.: 6:21-cv-03475-JD-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Christopher Poindexter, Sherisse Birch, | ) | |
| Karis Brown, Brian Kendall, John Doe 1, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Kevin F. McDonald ("Report and Recommendation"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) of the District of South Carolina.[1] Cederick Wise ("Wise" or "Plaintiff"), proceeding *pro se* and *in forma pauperis*, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. (DE 1.)

Plaintiff's Complaint was filed on October 22, 2021. (DE 1.) On December 8, 2021, The Magistrate issued an Order informing Plaintiff that his excessive force claim against Defendant Christopher Poindexter ("Poindexter" or "Defendant"), as pleaded, was sufficient to survive screening, and indicated that service would be recommended as to Mr. Poindexter on that claim. (DE 12, pp. 4, 10-11.) The Order also informed Plaintiff that the remainder of his claims were subject to dismissal as drafted and provided Plaintiff with fourteen (14) days to file an amended complaint with respect to those claims. (DE 12, pp. 10-11.) Two weeks after the deadline passed,

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff's Amended Complaint was entered on the docket. (DE 14.) Plaintiff's Amended Complaint did not correct the deficiencies noted in the Court's December 8, 2021, Order; thus, Plaintiff's claims are subject to summary dismissal, except for Plaintiff's excessive force claim against Poindexter. Further, Plaintiff has failed to correct the pleading deficiencies identified by the Court with respect to the remainder of his claims.

The Report and Recommendation was issued on January 14, 2022, recommending that Plaintiff's remaining claims and defendants be dismissed because Plaintiff failed to correct the pleading deficiencies identified by the Court with respect to the remainder of his claims. (DE 15.)

Plaintiff filed no objections to the Report and Recommendation. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Upon review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein by reference.

It is, therefore, **ORDERED** that Plaintiff's claims, with the exception of the excessive force claim against Poindexter, are dismissed with prejudice and without issuance and service of process.

**IT IS SO ORDERED.**


s/Joseph Dawson, III
Joseph Dawson, III
United States District Judge

February 18, 2022
Greenville, South Carolina


## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that they have the right to appeal this order within thirty

(30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate

Procedure.